IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY G. GRAY | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:12CV576 |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
|    Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER ABATING PRETRIAL DEADLINES**

Now before the Court is Wells Fargo's Motion to Dismiss (Dkt. 7). As set forth below, the Court finds that the motion should be GRANTED.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about August 10, 2007, Plaintiff and his wife executed a Note and Deed of Trust regarding real property located at 2668 Pine Trail Drive, Little Elm, Texas 75068.[1] The Lender listed in the Note and Deed of Trust is Security National Mortgage Company.

---

[1] Plaintiff only references and attaches the Deed of Trust to his pleadings, but Defendant has attached the Note and Deed of Trust, as well as the December 4, 2012 Substitute Trustee's Deed regarding the Property. Although a district court may generally not go outside the complaint when considering a motion to dismiss, a court may consider documents attached to a motion to dismiss if the documents are referenced by the plaintiff's complaint and are central to the plaintiff's claims. *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004). All of these documents are central to Plaintiff's claims here; therefore, the Court considers them.

Plaintiff filed suit in state court on or about August 29, 2012, and the matter was removed to this Court on September 6, 2012. Plaintiff's original state court petition – which has not been amended since removal – is a suit to quiet title and also seeks a declaratory relief and injunctive relief. *See* Dkt. 3. Plaintiff claims that Defendant Wells Fargo is neither the mortgagee or the mortgage servicer on the Property and seeks to stop a foreclosure sale. According to Defendant, the Property was foreclosed on in December 2012. *See* Dkt. 7 at 3.

On April 1, 2013, Defendant filed a motion to dismiss. Defendant argues that Plaintiff has failed to sufficiently plead a quiet title claim and that his default on his mortgage loan precludes him from stating a plausible quiet title claim because he cannot establish superiority. Defendant also argues that Plaintiff lacks standing to challenge any assignments of the Note or Deed of Trust.

On May 17, 2013, this Court entered an order indicating that no response had been filed to Defendant's Motion to Dismiss and that if no response were filed on or before May 28, 2013, the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly (*see* Dkt. 9). Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d). Plaintiff has not filed a response to the motion or otherwise amended his complaint to address the deficiencies raised by the motion.

## STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P.

12(b)(6). The Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

ANALYSIS

The Court has reviewed Defendant's dismissal arguments and finds that they are well-founded and supported by applicable authority. Here, Plaintiff's attack on Defendant's authority – rather than an assertion of his superiority as to the mortgage – is fatal to his quiet title action. *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, 9 (S.D. Tex. 2013) ("The gravamen of his argument that Wells Fargo lacks authority to enforce the Note and foreclose on the property is not relevant to nor does it support a claim to quiet title.").[2] Indeed, no facts are alleged in Plaintiff's complaint that Plaintiff is current on his loan payments and not in default such that Plaintiff would have an interest in the Property *superior* to any lienholder seeking to foreclose. "A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.). *See also Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied) ("In a suit to remove a cloud from his title, the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief").

Without specifying how he has superior title through a response or amended pleading, Plaintiff has stated insufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. As such, his quiet title action should be dismissed. *See, e.g., Cruz v. CitiMortgage,*

---

[2]The Court notes that, under the Texas Property Code, a mortgagee may authorize a mortgage servicer to service a mortgage and conduct a foreclosure sale. *See* TEX. PROP. CODE. ANN. § 51.0025. The documents attached to the motion to dismiss indicate that Defendant Wells Fargo was designated as such a servicer for Plaintiff's Property and there are simply no facts stated that would give rise to a cognizable claim here. *See* Dkt. 7-3 at 4.

*Inc.*, 2012 WL 1836095, 4 (N.D. Tex. 2012);[3] *Summers v. PennyMac Corp.*, 2012 WL 5944943, 3 (N.D. Tex. 2012).[4] Moreover, because Plaintiff has failed to state any facts entitling him to any relief, he is not entitled to injunctive relief. *See DSC Comm. Corp. v. DGI Techs, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996) (to assert a request for injunctive relief, a plaintiff is required to show "a substantial likelihood of success on the merits.").

Having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that Wells Fargo's Motion to Dismiss ( Dkt. 7) be GRANTED and that Plaintiff's claims be dismissed with prejudice.

*Further, the deadlines set forth in the Court's June 5, 2013 Scheduling Order (Dkt. 11) are hereby ABATED pending the District Judge's consideration of this report and recommendations. Should the matter not be dismissed, the parties are directed to file an amended proposed scheduling order within ten (10) days of the District Judge's disposition of the motion*

---

[3] The court in *Cruz* made a similar finding. "Plaintiffs, however, do not allege that they were current on their mortgage loan payments at the time of the nonjudicial foreclosure sale of the property in July 2011. Moreover, Plaintiffs' contention that the assignment to CitiMortgage is invalid is based on standing and a split-the-note theories already rejected by the court. Thus, Plaintiffs have not alleged facts, which if proven, would establish their superior title or the alleged invalidity of CitiMortgage's title. Plaintiffs have therefore failed to state a claim for trespass to try and quiet title upon which relief can be granted." *Cruz*, 2012 WL 1836095 at 4.

[4] In *Summers*, the court held, "Plaintiffs, however, do not allege facts which, if proved, would establish their superior title; nor do they allege that they are current on their mortgage payments. Instead, they challenge PennyMac's title by arguing that PennyMac lacks authority to enforce the Note at issue and foreclose on the property. Plaintiffs' quiet title claim therefore fails as a matter of law, and PennyMac is entitled to dismissal of this claim." *Summers*, 2012 WL 5944943 at 3.

*to dismiss.*

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 18th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE